DAVID MARCKLE, Plaintiff in Error, *v.* SAMUEL F. HASKINS, Defendant in Error.

### ERROR TO MORGAN.

If one bargains with an agent for a horse, knowing him to be such agent, and that the principal had recognized the transaction, a warranty by the agent is the warranty of the principal, who is the proper party to be sued for a breach.

THIS is an action of assumpsit, first brought by Haskins against Marckle, before a justice of the peace, who rendered a judgment for the defendant, Marckle, the present plaintiff in error.

From this judgment, Haskins, the plaintiff below, took an appeal to the Circuit Court. In that court the case, by consent of the parties, was tried by the judge, without the intervention of a jury, who gave a judgment for the plaintiff in the original action for seventy-five dollars. The defendant in the Circuit Court brings the case here.

M. McCONNEL, for Plaintiff in Error.

I. L. MORRISON, for Defendant in Error.

CATON, C. J. The questions of law raised in this case admit of no dispute. If the plaintiff knew the defendant was acting as the agent of his brother, at the time the bargain was struck, and his brother had authorized him to sell the horse, or subsequently ratified the bargain, then the warranty was the warranty of the principal and not of the agent, and the latter is not liable in this action. The only real controversy is upon the facts. There are two principal questions of fact in the case. First, was the plaintiff aware of the fact that the defendant was selling the horse as the agent of his brother? and, second, was the horse unsound at the time of the sale? As is usually the case in trials upon horse trades, the testimo-

Marckle *v.* Haskins.

ny is apparently conflicting and contradictory. On the first question, the plaintiff's driver says, that he was present during the whole time the parties were negotiating and till after the bargain was struck, and that the defendant claimed the horse as his own, and that nothing was said about his belonging to his brother. If what he says is true, that settles the first question.

Green says he was passing around among the parties on the morning of the trade, and heard them talking about price and pay, and that he heard the defendant say the horse belonged to his brother, but he heard nothing said about the soundness of the horse. It is very clear that this witness was not present when the trade was made, as testified to by the first witness.

Wiswell says that he told the plaintiff that the horse belonged to the brother of the defendant, and from the character of the conversation between them, as stated by the witness, it raises a strong inference that it was before the bargain was closed, still it may have been afterwards, and there is no way of reconciling the apparently conflicting testimony consistently with the integrity of all the witnesses, except upon the conclusion that the conversations, as sworn to by these last two witnesses, took place after the bargain was struck, as testified by the first witness. Without this, some one has sworn to a falsehood, and the court will not arrive at this conclusion in regard to any unimpeached witness, where there is any reasonable hypothesis upon which the testimony of all the witnesses may be reconciled, consistently with the integrity of all. We know that witnesses are often mistaken, but courts reluctantly come to the conclusion that a witness against whose veracity nothing has ever been heard, has deliberately and knowingly sworn to a falsehood. This is evidently the view which the Circuit Court took of this testimony, and we do not think it is so unreasonable as to require us to reverse the judgment for that cause.

· There is no contradictory proof as to the warranty, and as to the unsoundness of the horse at the time of the sale, we think the proof decidedly preponderates in favor of the finding of the Circuit Court, so much so that we do not deem it necessary to review the evidence on that point.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*