GEORGE W. COCHRAN

*v.*

GREEN L. CHITWOOD *et al.*

1. PRINCIPAL AND AGENT—*warranty by the latter.* An agent, acting under a general authority from his principal to make the sale, sold to another two mules, and the principal subsequently ratified the sale by accepting from the agent the note given for the purchase money: *Held,* the principal was bound by any warranty of the agent, to the purchaser, in regard to the soundness of the mules.

2. BREACH OF WARRANTY *in part, as to personal property—recovery of purchase price.* In an action on a promissory note, given for the purchase money of two mules, as a defense thereto the defendant set up an alleged warranty, by the plaintiff, that the mules were sound, averring that they were unsound and by reason of which they both died. The evidence established the fact, that one of the mules was sick before the sale, but as to the other there was some doubt as to whether there had been anything the matter with it at the date of the sale. The defendant not having offered to return the property and rescind the contract, on the ground of the deceit practiced, an instruction which directed the jury in case there was a warranty, that if either of the mules was sick they should find for the defendant, was regarded as erroneous, inasmuch as it did not follow, that if one of the mules was unsound the plaintiff could not recover for the other, if sound, notwithstanding the warranty.

WRIT OF ERROR to the Circuit Court of Marion County; the Hon. R. S. CANBY, Judge, presiding.

Mr. D. C. JONES, for the plaintiff in error.

Mr. W. W. WILLARD and Mr. H. C. GOODNOW, for the defendants in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action of assumpsit, brought on a promissory note. The defense sought to be interposed is, that there was a failure of the consideration for which the note was given. It was given to secure the purchase money of a pair of mules, sold by the agent of the plaintiff to the defendant Chitwood. It is alleged, that the agent of the plaintiff warranted the

54          COCHRAN *v.* CHITWOOD *et al.*          [June. T.,

Opinion of the Court.

mules to be sound, when, in fact, they were not sound, and by reason of the unsoundness, they both died shortly after they were sold to the defendant.

There is a conflict of evidence as to whether there was, in fact, any warranty as to the soundness of the mules, at the time of the sale. We think, however, that the evidence on that question greatly preponderates in favor of the defendants, and fully sustains the finding of the jury.

It is insisted that Delano, the agent of the plaintiff, had no authority to make the warranty, and if any was made, the plaintiff was in no way bound by it.

The facts in the case are briefly these : The plaintiff owned a farm in Marion county, but· did not reside on it. Delano was his managing agent on this farm, and had charge of the stock. He was fully authorized by De Pew, the plaintiff's general agent, to· make the sale, and plaintiff subsequently ratified the sale by accepting the note. It would be inequitable to permit the plaintiff to ratify so much of the contract as was favorable to his interest, and to repudiate that which was unfavorable. The agent was acting under a general authority, and we must regard the acts of the agent as the acts of the principal, and under the circumstances proven, hold, that the plaintiff is bound by any warranty that was made by his agent, in making the sale. *Markle* v. *Haskins,* 27 Ill. 382.

The only doubtful question presented by the facts in the case is, whether the mules were *both* unsound at the time of the sale.

As to one of them there can be no doubt. The evidence abundantly establishes the fact, that one of them was sick before the sale, and that the agent of the plaintiff knew it. In regard to the other one, there is some doubt, upon the evidence contained in the record. It does not clearly appear, that there was anything the matter with it at the date of the sale.

In view of the evidence, we think the third instruction given for the defendants, was erroneous.

The jury were instructed, that "if they believe, from the evidence, that the mules, or *either of them*, were sick while in possession of Cochran, and it was known to Cochran, or his agent, when he sold the mules to the defendant, and he told the defendant that they were sound, and the defendant purchased the mules, relying upon the soundness of the mules, it would be a fraud on the defendant, and Cochran was bound by it if he afterwards sanctioned the contract, and they should find for the defendant."

This instruction does not state the law correctly, as applicable to the facts of this case. The jury were told, that "*if either*" of the mules was sick they should find for the defendants.

There was no offer to return the property and rescind the contract on the ground of the deceit practiced on the defendant, but he chose to retain it, and it does not follow that if one was unsound the plaintiff could not recover for the other, if sound, notwithstanding the warranty. Such an instruction was calculated to, and we have no doubt did, mislead the jury on the evidence in the case.

For the error indicated, the judgment will be reversed and the cause remanded.

*Judgment reversed.*