# THE UNITED STATES LIFE INSURANCE COMPANY
## *v.*
## THE ADVANCE COMPANY.

1. AGENCY—*acts of agent, how far binding.* The acts of a general agent, or one whom a man puts in his place to transact all his business of a particular kind, will bind the principal so long as the agent keeps within the scope of his authority, though he may act contrary to his private instructions.

2. CONTRACT—*affected by general custom.* Where a general custom exists, the presumption is, that the parties to a contract are acquainted with it, and contract in reference to it.

3. Same—*custom as affecting agent's authority.* Where a party contracts with a general agent of an insurance company, with knowledge of a custom prohibiting the agent from making such a contract, he can not hold the company bound under the contract.

4. Agency—*defined and limited by custom and usage.* Where an agency is exercised in respect to matters governed by known usage, it will be presumed, in the absence of proof to the contrary, that the agency is to be conducted in the manner and according to the practice which are allowed and justified by such usage.

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

Messrs. Sheldon & Waterman, for the appellant.

Mr. John A. Owen, for the appellee.

Per Curiam: This was an action brought by appellee, to recover from the United States Life Insurance Company, appellant, an account for advertising, contracted by one Greene, who was at the time general agent for appellant.

A jury having been waived, a trial was had before the court, on the following agreed facts:

"In November, A. D. 1871, one Samuel Greene was general agent, for the State of Illinois, for the United States Life Insurance Company of New York, having his headquarters in Chicago; that upon his order the plaintiffs advertised said insurance company in their paper, incurring a just bill of one hundred and twenty dollars ($120), and charged the same, on their books of original entry, to the United States Life Insurance Company; that subsequently said Greene was removed from his position as general agent, the same being known to the plaintiffs, and said advertising bill being unpaid; that the plaintiffs frequently called upon said Greene for payment of said bill after his removal, and he as often promised the bill of $120 should be paid; that, after much dunning, Greene agreed to obtain for said plaintiffs, in payment of the bill, a partially paid up life policy, upon the life of a person designated by said plaintiffs in said company, said Greene being in the habit, notwithstanding his removal, of soliciting insurance

for said company, like any other street broker, and having no other connection with the company; that said Greene made application for such a policy, in the usual course of business, and the same was drafted, but the company officers in Chicago then first finding that said advertising bill was to be turned in to pay the premium, refused to deliver the same; that several months afterwards said Greene became a defaulter to the Evanston school fund, and absconded; that it is the general custom with life insurance companies not to allow their general agents any discretion about contracting advertising bills, except as hereinafter stated, but that in each case they must get the consent of the company before contracting any bill.

"And further, that in advertising, the general agents pay bills ordered by them, and settle with their companies themselves; for instance, in case of the company allowing a stipulated sum per annum towards the advertising, as is sometimes done, the agent settles the bills, and may turn the receipts in to the home office, as vouchers for so much money, in their settlements with their company, to the stipulated amount.

"Sometimes the home office orders special advertising done, through the agent, and he has it done, and sometimes it is done directly from the home office."

The court, upon the agreed state of facts, rendered a judgment in favor of appellee for the amount of the account, and the question presented by the record, therefore, is, whether the judgment was authorized by the agreed state of facts.

It is conceded that Greene was the general agent of appellant, and the debt was contracted by him, and charged to appellant, while he was acting in that capacity.

The acts of a general agent, or one whom a man puts in his place to transact all his business of a particular kind, will bind the principal, so long as the agent keeps within the scope of his authority, though he may act contrary to his private instructions.   2 Kent, 620.

If this case rested upon the fact, alone, that Greene was the general agent of appellant, and as such contracted the advertising for his principal, appellee's right of recovery could not

be questioned or denied. But, under the stipulation, appellee concedes that, at the time the advertising was contracted, there existed a general custom with life insurance companies not to allow their general agents any discretion in contracting advertising bills.

Where a general custom exists, the presumption is that the parties were acquainted with it and contracted in reference to that custom. If, then, appellee contracted with Greene with full knowledge of the custom, and with reference to it, then the conclusion is irresistible that it knew Greene had no power to bind appellant, and, knowing that fact, it can not hold appellant for a debt contracted by Greene without authority, although he was the general agent of appellant.

It is said by Story on Agency, section 96: The known usages of trade and business often become the true exponents of the nature and extent of an implied authority; for in all cases where such usages exist, and an agency is to be exercised touching such matters, the natural presumption, in the absence of all controverting proofs, is, that the agency is to be conducted in the manner and according to the practices which are allowed and justified by such usages.

It can not be claimed that appellee was misled by the fact that Greene was a general agent, because it knew, while he was acting in the capacity of a general agent, that he had no authority to incur the debt on the credit of his principal, and hence the rule that would ordinarily apply to the acts of a general agent, has no application here.

It is urged by appellee that the last clause in the stipulation shows that no uniform custom existed. We can not give the stipulation the construction contended for. When appellee stipulated that there was a general custom that Greene was not allowed to contract the indebtedness, the effect of this admission was not destroyed by the last clause of the stipulation.

Under the agreed state of facts, we are of opinion appellee was not entitled to recover.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*