Reversed and remanded.

## HARVEY B. HURD

### v.

## SARAH MARPLE.

1. GUARANTY—EXTENSION OF TIME OF PAYMENT.—A contract between the maker and payee of a promissory note, for the extension of the time of payment for a definite period, founded upon a good consideration, releases the surety from liability thereon if done without his knowledge or consent.

2. CORPORATIONS—MAY NOT PLEAD USURY.—The contract for extension

Hurd v. Marple.

of time was based upon an agreement by the maker, a corporation, to pay interest at the rate of eighteen per cent., and it was contended that this being an usurious contract, and therefore illegal, was not enforceable, and hence did not release the surety. Corporations are prohibited by statute from availing themselves of the defense of usury, and such an agreement is a valid and binding obligation, founded upon a good consideration.

3. Agency—Ratification.—Where a principal receives and retains the benefits arising from an unauthorized act of his agent, with knowledge of all the facts, he will be held to have ratified such acts, unless he disaffirm them within a reasonable time, and return the money received; and such knowledge will be presumed when it appears that the principal was in possession of facts from which it could have been readily ascertained, or which were sufficient to put him upon inquiry of his agent as to the condition of affairs.

4. General authority—Principal bound.—Where it appears that the principal had given a general authority to his agent, the acts of such agent, within the scope of his authority, are binding on his principal. So, where an agent, having money placed in his hands with undisputed power to loan, manage and collect as he should deem best, makes an agreement for extension of time of payment, such act is within the scope of his general authority, and binds the principal.

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

Mr. H. B. Hurd, *pro se*, insisted that the contract for extension of time was valid and binding upon the company, and cited Rev. Stat. 1877, 590, § 11; American Cent. Ry. Co. v. Miles, 52 Ill. 174.

Authority to receive money is inferred from possession of the securities: 2 Greenleaf on Ev. 865; Murphy v. Ottarheimer, 81 Ill. 39.

As to agency and ratification: Wharton on Agency, §§ 85, 89; Horton v. Silliman, 4 N. Y. Weekly Dig. 136; Wilcox & Gibbs S. M. Co. v. Elliott, 6 N. Y. Weekly Dig. 555; Pardridge v. La Pries, 84 Ill. 51; Cochran v. Chitwood, 59 Ill. 53: 1 Black (U. S. Rep.) 539.

Mr. M. W. Robinson, for appellee.

Murphy, P. J. Some time prior to the great fire in Chicago, on the 8th and 9th of October, 1871, the appellee, through her

agent, Jirah Cole, loaned to the Highland Park Building Company, a corporation existing under and by virtue of the laws of this State, $1500.00, for which said corporation executed its promissory note, payable to the appellee, due six months after date with ten per cent. interest.    This note, after being extended from time to time, was destroyed by fire at the time of the great conflagration.

On the 1st day of April, 1872, the company gave another note in substitution for the one first given, and so destroyed by fire.    This note matured six months after its date, with interest at the rate of ten per cent. per annum after maturity.

This last note the appellant, with others, guaranteed.    The company having failed to pay, this suit was instituted in the Superior Court of Cook county upon such guarantee.    A trial of which in that court resulted in a verdict and judgment against the appellant for $1549.13, to which he excepted and prayed an appeal to this court.

He brings the record here and asks a reversal of the judgment on several grounds, only a part of which will it be necessary for us to consider.

In the court below the appellant plead non-assumpsit, and eight special pleas, the 2d of which was as follows, to wit: "That when the note became due, to wit: on the 1st of October, 1872, the plaintiff, in consideration that the said Highland Park Building Company would pay to the plaintiff interest on said promissory note at the rate of eighteen per cent. per annum from the first day of October, 1872, until the 1st day of April, 1873, then and there agreed with the Highland Park Building Company to give, and did then and there give to said company further day of payment of the amount of said note, to wit: until the 1st day of April, 1873, then next ensuing, without the knowledge or consent of said Harvey B. Hurd, by reason whereof he became discharged from all liability on said note." To this plea a demurrer was interposed and sustained by the court, and excepted to by the appellant.

We are unable to discover any legal defect in the plea, and are therefore at a loss to see on what grounds the demurrer was sustained, unless it was that it amounted only to the general

Hurd v. Marple.

issue. It certainly alleges a contract for the extension of time of payment by the company for a definite period of time, founded upon a valid consideration, to wit: eight per cent. interest more than the note called for. It is not easy to perceive why, if the facts alleged in the plea were proved, it would not be a good defense to the action. The contract by a natural person to pay an interest which would be usurious, and therefore unlawful, might not be a good consideration for such a contract until it was actually paid, for the obvious reason that it would be a promise or undertaking which could not be enforced in law, and therefore void. But it is provided by the statute that such corporations as the Highland Park Building Company cannot avail themselves of the usury laws, and therefore its agreement to pay eighteen or any other per cent. in the absence of fraud is a binding and valid obligation against it. If then the promise of the company to pay the extra eight per cent. interest for the next ensuing six months was a legal and binding promise, it would constitute a good consideration for the agreement to extend the time of payment as specified. Rev. Stat. 1877, 590, section 11; American Cent. R'y Co. v. Miles, 52 Ill. 174.

It is insisted by the appellant that at the end of each six months after the date of this note down to the time suit was brought, the day of payment thereof was extended by the appellant through her agent Cole, in consideration that the maker would pay interest at the rate of eighteen per cent. per annum, and the appellee herself testifies that whatever money Cole received from the maker of the note she received from him, and that even though Cole did not have authority in the first instance to make such contract of extension, still, by receiving and retaining the interest money so paid, she ratified the contract, and made the same binding on her the same as if she had, in the first instance, given him the express authority to make such contract. But it is disclosed by the record that during the time it is alleged the payment of this note was being thus extended, the appellee received from said Cole, her agent, at different times, various sums of money received on this note, a part of which was principal and a part interest, and

it is claimed by the appellee that she could not be held to have ratified by way of inference the acts of said Cole in making these alleged agreements, extending the time of payment of said note, unless at the time of receiving the money from Cole she knew it was received from the maker of the note in consideration of such extension, and in excess of the interest called for by the note. We think the law well settled that if the contract of extension were made by Cole as agent, founded upon a valid consideration paid, and that the appellee received the consideration and retained it with a knowledge of the facts, she thereby adopts and ratifies the acts of the agent, and is bound the same as if she had expressly authorized him to make the contract.

It does not appear that she had actual notice of the fact that Cole, as her agent, had made these alleged contracts and received the money therefor. But she admits that whatever money he, Cole, received from the makers on the note for whatever purpose, she received from him. So that having in her possession the note with the indorsements of interest and principal paid thereon, the appellee, by computation, could readily have ascertained that she had more money than she ought to have according to the terms of the note; a circumstance which we think quite sufficient to have put her on inquiry of her agent, which would have disclosed the fact of these contracts of extension if they existed. What she would have learned by reasonable inquiry, she in law must be held to know. Thus for the purposes of this case, she had notice of the fact, and if she sought to avoid the contract of Cole for want of authority on his part to make the same, she should have returned the money so received and repudiated the act within a reasonable time, which she has not done, but retains the same, if in fact she ever received it. In the light of these views we think the proof offered by the appellant tending to show an extension of the time of payment in consideration of the payment of interest at the rate of eighteen per cent. per annum, should have been permitted to go to the jury, and that it was error to exclude it. Wharton on Agency, Sec. 89; Cochran v. Chitwood, 59 Ill. 53.

But there is another view which we think fatal to the judg-

ment in the court below.   It sufficiently appears from the record that the appellee constituted said Cole her general agent to invest this money for her.   She held him out as such by placing the money in his possession, and with undisputed power to loan it to whomsoever he might think best, and on such security as he chose, and on such time as he should deem best.   In other words, manage, loan, control and collect it, principal and interest, without any notice to any one that he did not have all the authority he appeared to have.   Under these circumstances he was for the purpose of that particular business her general agent, and within the scope of such authority his acts were binding on his principal, the appellee; and for this reason it was error to exclude the evidence of such contract of extension as above stated.   For these reasons the judgment of the court below is reversed and the cause remanded.

Judgment reversed.