## Charles W. Pardridge et al.

### v.

## Joel J. Bailey & Co.

1.  AGENCY—IMPLIED AUTHORITY TO RECEIVE PAYMENT.—Where an agent is authorized to sell and is intrusted with the goods, he has an implied authority to receive payment.

2.  RATIFICATION.—If the principal, whose goods have been sold without his authority, sues the purchaser for the debt due therefor, he ratifies the sale.

3.  EVIDENCE OF USAGE,—The usages of a particular trade may extend the scope of an agent's authority, when dealing with a person who has no knowledge of special or particular instructions. It was therefore error to exclude the evidence offered in this case, as to the universal usage and course of business for dealers in the line of goods in question, to pay traveling men for samples sold and delivered by them, instead of paying the principal.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed December 8, 1886.

This was an action of assumpsit by appellees against appellants to recover for a bill of goods sold to appellants by one Holmes, who was a traveling salesman in the employ of appellants. Holmes had in his possession the usual lines of samples of appellees' stock, and the course of business was for Holmes to take orders for goods and send them in, and appellees filed them or not as they saw fit. He had no authority to collect for the firm. About August 1, 1883, appellees received from Holmes a statement of a sale of certain sample goods. They entered the sale upon their books and rendered to appellants a bill dated August 7, 1883; appellants returned the bill by mail with the statement upon it, "We gave your agent a check for this amount and hold receipt for same. Yours, etc., C. W. & E. Pardridge, Boston Store."

Appellants are retail merchants in Chicago, and carry on their business in three separate stores, under two distinct managements. One, known as the Boston Store, is under the management of one Charles Netcher, who had entire control of the purchases and sales therein, but had no part whatever in the management of the other stores and has no information respecting sales or purchases therein.

Holmes had, on two occasions prior to the sale of the bill of goods in question, sold small bills of goods to Netcher at the Boston Store, and delivered the goods and received the pay for them in cash, Netcher supposing that the goods belonged to Holmes. Early in August, Holmes came to Netcher, and told him that he was sent out by his house to take up one of the travelers who got on a spree, and he had taken the samples away from him and brought them to Chicago to sell. Holmes did not tell what house he was acting for, but when Netcher went to the Palmer House where the samples were, to look at them, he saw the name of Joel J. Bailey & Co., on them. Netcher offered to take the goods at fifty off, and the next day Holmes came to Netcher and said that the house would not take the offer of fifty off, but would sell at forty off, and Netcher agreed to take the goods at that price. Two days afterward Holmes brought the samples in trunks and left them to be checked off with the bill and said he would come in a day or two to get the money. The bill was found to check all right, and when Holmes came in at the end of two days Netcher made out a statement and ordered a check to be made out, as Holmes requested it to be, to Joel J. Bailey & Co., or bearer. The check was delivered to Holmes and he drew the money upon it. Holmes had in fact no authority from appellees to sell the samples, and they knew nothing about the matter till the sale was reported to them.

On the trial appellants offered to prove that it was usual and customary among wholesale and retail dealers throughout the United States, that when a traveling salesman is authorized to sell his samples for the retail dealer, upon the delivery of the samples, to pay the traveling salesman instead of the

principal, and that the custom was known to plaintiffs, but the court would not permit the questions to be put tending to establish that such was the usual and ordinary course of dealing.

There was a verdict for appellees for the price at which the goods were sold by Holmes, and judgment on the verdict, and the case comes to this court by appeal.

Messrs. SWETT, GROSSCUP & SWETT, for appellants; cited Howe Machine Co. v. Ballweg, 89 Ill. 318; Harris v. Simmerman, 81 Ill. 413; Putnam v. French, 53 Vt. 402; 2 Benjamin on Sales, § 1095; Hoskins v. Johnson, 5 Sneed, 569; Rice v. Graffman, 56 Mo. 434; Butler v. Dorman, 68 Mo. 298; Seiple v. Irwin, 30 Penn. 515.

As to evidence of usage: Story on Agency, §§ 429, 443; Phillips v. Moir, 69 Ill. 163; Lyon v. Culbertson, 83 Ill. 33; Noble v. Nugent, 89 Ill. 552.

Suing in assumpsit was a ratification of the agent's act: Story on Agency, § 259; 1 Parsons on Contracts, 51; Morris v Tillson, 81 Ill. 607; Toledo R. R. Co. v. Elliott, 76 Ill. 67; Cochran v. Chitwood, 59 Ill. 83.

MORAN, J. The agent of appellees had possession of the samples, and represented that he had authority to sell them. Appellants had no knowledge as to the authority of the agent, except from his representations that he had authority to sell at a certain price, and they purchased the goods at the price, and the agent delivered the goods to them, and they, in good faith and at his request, paid him for them. Where an agent is authorized to sell and is intrusted with the goods, he has an implied authority to receive payment. Story on Agency, Sec. 102; Capel v. Thornton, 3 Carr. & Payne, 352; Rice v. Graffman, 56 Mo. 434; Hoskins v. Johnson, 5 Sneed, 470; Putnam v. French, 53 Vt. 404.

The agent in this case had no authority to sell, but by abandoning the suit in trover commenced by them, and suing on the contract for the price at which the goods were sold, appellees have ratified the authority which the agent assumed to have when he made the sale.

"If the principal, whose goods have been sold without his

authority, should sue the purchasers for the debt due therefor, that would amount to a ratification of the sale, for the suit would not upon any other ground be maintained in that form." Story on Agency, Sec. 259; Cochran v. Chitwood, 59 Ill. 53.

A subsequent ratification is as good as a prior authority, and the consequence of bringing suit upon the contract must be to ratify the sale *ab initio*. The case stands thus then. The plaintiffs say: "Our agent had the possession of our goods and had authority to sell and deliver to you at the price which you purchased them at, but he had no authority to receive the pay for them, and you, having paid him for them, must now pay us the contract price over again." The defendants say: "We dealt with your agent, who had the goods and delivered them to us, and who, you now say (by bringing this suit), had authority to sell them to us; and we, having no notice that you forbade your agent to receive the price, supposed in good faith, from his having the goods and the right to sell them, that he was authorized to receive the price, and we in good faith paid it him, and we ought not to be compelled to pay again."

The law is with the defendant. Had appellees maintained their suit in trover, thus repudiating a sale, the question to be determined would be different. The court below instructed the jury so as to ignore the rule that the agent's authority to receive the pay would be implied from his possession of the goods and authority to sell them, and required the appellants to prove, in order to maintain their defense, that the agent had express authority to receive payment. This was error. It was also error to exclude the evidence offered by appellants to prove the universal usage and course of business for dealers in that line of goods, to pay traveling men for samples sold and delivered by them instead of paying the principal. The usages of a particular trade may extend the scope of an agent's authority when dealing with a person who has no knowledge of special or particular instructions. " The rights of principals against third persons, arising from the acts and contracts of their agents, may be further illustrated by the consideration of payments made to or by the latter; and first, in relation to payments made to agents, such payments are

good and obligatory upon the principal in all cases where the agent is authorized to receive payment, either by express authority or by that resulting from the usage of trade, or from the particular dealings between the parties." Story on Agency, 429.

In all cases where such usages exist and an agency is to be exercised touching such matters, the natural presumption in the absence of all controverting proof is, that the agency is to be conducted in the manner and according to the practices which are allowed and justified by such usages. U. S. Life Co. v. Advance Co., 80 Ill. 549 ; Noble v. Nugent et al., 89 Ill. 522 ; Putnam v. French, 53 Vt. 402.

The evidence offered tended to prove the usage claimed to exist, and whether in fact it would establish the existence of it was a question for the jury. For the errors indicated, the judgment will be reversed and the case remanded.

Reversed and remanded.