The McCormick Harvesting Machine Co. v. Snell.

---

THE McCORMICK HARVESTING MACHINE COMPANY

v.

C. ED. SNELL.

*Sales—Agency—Warranty—Parol Evidence—Instructions.*

1. As a general rule an agent who has power to sell has authority to do all that is necessary and usual in the course of the business of selling. If it is usual in the trade to warrant, the agent has authority to warrant.

2. Where one contracts with the agent, and the principal recognizes the transaction, a warranty by the agent is a warranty by the principal.

3. Parol evidence of a warranty made on behalf of the plaintiff by its agent is admissible, although the agent subsequently gave a personal warranty in writing.

4.   Where one of several pleas presents a defense to the entire action, and it is sustained by the evidence, a partial defense presented in another plea is not an admission of liability.

5.   An omission in an instruction is not error if it is supplied elsewhere in the instructions given.

6.   Instructions which, taken together, are accurate and clear, are sufficient, although not every instruction is itself entirely accurate.

7.   It is not error to refuse instructions which are not based upon the evidence, or which present questions embraced in others already given.

[Opinion filed May 27, 1887.]

APPEAL from the Circuit Court of Marshall County; the Hon. T. M. SHAW, Judge, presiding.

Messrs. E. J. RIELY and BARNES & BARNES, for appellant.

To permit parol evidence to show a warranty by the company, it must appear that the parol warranty was in fact made by the company distinctly and separately from the written one by Hamilton. If the Hamilton one was only a part of the agreement as contended for by counsel for appellee, where and how is the warranty by the company shown? And how can it be held on the evidence that a part only of the agreement was reduced to writing, and that the balance may be shown by parol?

A contract can not rest partly in writing and partly in parol. Longfellow v. Moore, 102 Ill. 289; Marshall v. Gridley, 46 Ill. 247; Purinton v. N. I. R. R. Co., 46 Ill. 297.

If the parol evidence could be regarded as properly admitted, it failed to prove any warranty by the company.

A person dealing with one claiming to be the agent of another, must inform himself of the agency and its extent. C. & G. E. R'y Co. v. Fox, 41 Ill. 106; M. N. Bank v. Barnes, 65 Ill. 69.

If ratification is claimed, then the evidence must show, not only an actual undertaking to bind the company by a warranty but that the company was fully and fairly informed of all that was done and then adopted it. Mathews v. Hamilton, 23 Ill. 470.

Mr. FRED. S. POTTER, for appellee. ·

The evidence clearly shows that Hamilton was contracting and warranting for the plaintiff and not for himself. In which capacity he was contracting, it was competent to show by parol. O. & M. R. R. Co. v. Middleton, 20 Ill. 629; King v. Handy, 2 Ill. App. 212.

Where only part of the agreement is reduced in writing, no rule prevents the remainder being proved by parol. Bradshaw v. Combs, 102 Ill. 428; Combs v. Bradshaw, 6 Ill. App. 115; Chapin v. Dobson, 78 N. Y. 74.

WELCH, J.    This was an action of assumpsit, brought by the appellant, against the appellee, upon three promissory notes for $100 each, dated August 12, 1882; one due September 1, 1882, one due September 1, 1883, the other due September 1, 1884. Each of said notes bore interest at the rate of six per cent. per annum until due, and eight per cent. per annum after due. All of said notes were made by the appellee to the appellant.

Appellee filed several special pleas. First plea alleges machine bought 1st of June, 1882, for $300, to be paid for with three notes of defendant, $100 due 1st September, 1882, $100 due 1st September, 1883, $100 due 1st September, 1884, respectively, and each to draw interest at the rate of six per cent. from July 1, 1882, till due, and eight per cent. after due, till paid; alleges machine warranted to be made of good material and do good work as a self-binding harvester, and that in case that said machine did not do good work as a self-binder to be taken back by the appellant. And the plea avers that said machine did not and would not do good work as a self-binder. Wherefore the defendant returned said machine to the plaintiff, which it then and there accepted ; avers that said machine being still on defendant's farm, plaintiff came to defendant at his farm, and the said machine was again agreed to be bought by defendant of plaintiff on the conditions following, to wit: The plaintiff, in consideration that the defendant would take the machine, then and there agreed with the defendant that the plaintiff would, on or before the next

harvest, replace all worn, defective or missing parts of the machine and put the same in good running order, so that said machine would do as good work as any other machine of the same year's make in like kinds and conditions of grain, and warrant the machine thereafter to do as good work in the same kind of grain and conditions of grain as any harvester and binder made in the same year; in consideration of which the defendant then and there gave the notes in the declaration, and for no other or different consideration.

And the plea avers that afterward the plaintiff, having pretended to have repaired the machine, on, to wit, 10th July, 1883, the plaintiff came by its agents and experts to the farm of defendant; and the defendant caused other "self-binders," made in the same year as the aforesaid machine, to come also, and the plaintiff took the said machine into a field of defendant's grain, and the other self-binders aforesaid went into the same field, and the said machines all worked together in the same kind and condition of grain; the other machines did good work and the machine of plaintiff could not and did not do good work, nor do as good work in the same kind and condition of grain as any harvester and binder made in the same year. And the plea avers that plaintiff, by its agents and experts, after repeated trials, etc., failed to make the said machine do as good work, etc., as any harvester and binder made in the same year, and then and there so informed the defendant. That thereupon defendant offered to rescind the contract and return the machine and take up the notes, but plaintiff refused.

And plea avers that from thence he has kept the machine as the property of plaintiff, and has always been ready to deliver it to plaintiff whenever it will accept the same, of all which the plaintiff had notice, and concludes with verification.

The second plea is in substance the same as the first, only it alleges but one purchase by the purchaser of the machine and does not state the date; alleges notice to the appellant that machine did not comply with the warranty and that he had elected to and did rescind the contract.

The third plea states the consideration of the notes, the

warranty and its breach, as stated in the first and second pleas, and alleges a partial failure of the consideration of the notes to the extent of $295.

The fourth plea alleges a failure of consideration to all of plaintiff's course of action in his declaration stated, except as to the sum of $5 and interest.

The fifth plea was an implied warranty of manufacturer. Replication first, machine was not the only consideration; second, plaintiff did not make the warranties set up in said plea; third, machine did perform as warranted to do. Tried, verdict and judgment for the appellee, from which this appeal is taken. Various errors are assigned. It is first insisted by counsel for appellant that the court erred in allowing proof of a parol warranty.

The evidence of appellee shows that in 1882 he purchased from appellant, through its agent, C. Gould, a "McCormick Twine Self-Binding Harvesting Machine"; that the machine did not work satisfactorily, and that he proposed to return it. After harvest Mr. Gould came to his place with a Mr. Hamilton, who was represented to him as the general agent of the appellant, and wanted him to settle for the machine by giving his notes. He told them he did not propose to keep the machine; that it had never run right or done good work; that some of its parts had worn out, some were broken and some defective; made of poor material. Hamilton said that they considered the McCormick just as good as any self-binding machine made, and they proposed to make it so. That if I would keep the machine that they would replace all worn, broken and defective parts without charge; that they would put it in first class order; that they would make it do as good work as any other machine of the same year's make, and give me a written warranty that the machine will do as good work in the same kind and condition of grain as any harvester and binder of the same year's make. He told them that that was all he wanted; that he would keep the machine if they would put it in first class order and make it do as good work as other machines of that year's make. That he did not ask anything more. Hamilton produced the notes and changed the date of

their notes so as to make them fall due one year later, and appellee signed them. Hamilton wrote out the warranty and handed it to him. Counsel for appellant objected to the conversation between Hamilton and the appellee preceding the writing. Objection based on the ground it was not competent to prove such conversation, or vary, or explain, or show a different contract from the writing.

Upon the admission of the counsel of both parties that the writing was the personal contract of Hamilton and not of the appellant, the court overruled the objection; appellant excepted. This agreement as to the written contract took the written warranty out of the case. This action of the court is one of the principal errors assigned. There is no question from the evidence that the machine was originally purchased of the appellant from Gould as its agent, under a warranty, or that Gould came with Hamilton to the farm of appellee in August, 1882, to settle for the machine. Gould says: "I know W. W. Hamilton; I suppose he is the general agent of the plaintiff; I, as local agent, reported to him as the general agent of the company." The general rule of law is, that an agent to sell has authority to do all that is necessary and usual in the course of the business of selling, and if it is usual in the trade for the seller to warrant, the agent has authority to warrant. Benjamin on Sales, 624. If a person contracts with an agent and the principal has recognized the transaction, a warranty by the agent is a warranty by the principal. Marckle v. Haskins, 27 Ill. 382 ; Woodford v. McClenahan, 4 Gilm. 85 ; Story on Agency, Sec. 59. It is evident that Hamilton was acting for the appellant in contracting with the appellee for the machine and that the contract was made for appellant and was by parol. It is insisted by counsel for appellant that it was the individual guaranty of Hamilton that was to be given and not that of the appellant, and quotes in support thereof the statement of appellee on cross-examination, "Hamilton said to me, 'if you will keep the machine you can have it on next year's terms;' that he would put it in first class order and make it do as good work in the same kind and condition of grain as any machine of this year's make, 'and I will give you a written

The McCormick Harvesting Machine Co. v. Snell.

guaranty that the machine will do as good work in the same kind and condition of grain as any machine of this year's make.' " Who was Hamilton speaking for when he makes the statements *supra?* Manifestly he was speaking for the appellant and not for himself individually. The authorities referred to by counsel for appellant that a contract can not rest partly in writing and partly in parol has no application in this case.

It is further insisted by counsel for appellant, "If the parol evidence could be regarded as properly submitted, it failed to prove any warranty by the company." In view of the evidence of Gould as to the Hamilton agency and the law as stated *supra*, we do not consider this point well taken. It is insisted by counsel for appellant that under the fourth plea as amended, appellee admitted a liability on the causes of action in the declaration of $5 and interest, and that appellant was entitled to recover the amount so admitted by this plea. Under Sec. 28, Practice Act, " The defendant may plead as many matters of fact in several pleas as he may deem necessary for his defense; each plea stands by itself and forms a distinct issue."

The first, second, and fifth pleas presented a defense to the whole action. The third and fourth pleas were pleas of partial failure of consideration. The jury was authorized, if they believed that the first or second or fifth plea was proven by the evidence in the case, to find for the appellee, notwithstanding the third and fourth pleas. The claim is not well founded.

It is further insisted the instructions given for the appellee are not correct. The objections urged to the first instruction are that it only requires the jury to believe from the evidence that appellee bought of the appellant one of its machines in 1882; that the next and vital clause of the instruction is given without requiring the jury to find any of it from the evidence. We do not so understand the instruction. The first and second clauses are connected by the word " and." The jury could not have been misled; they would understand that their finding as to the last clause must be based on the evidence.

It is further insisted it was erroneous in ignoring the question of authority of Gould and Hamilton. The question of agents and their authority to bind the principal are set forth

in other instructions given for the appellee and for the appellant. It is not required that the questions of agents and their authority should be stated in each instruction.

The objection made to the second instruction is not well taken; it is claimed it submits questions of law to the jury. It tells the jury in substance if they believe from the evidence that the appellee rescinded the sale rightfully under the evidence and these instructions, and if the jury further find that notice of such rescinding of said sale and an offer to return the machine was made within a reasonable time after the appellant's default, if it made default, gave appellee the right to rescind.

This instruction is not accurately drawn; yet it is not liable to the objection made when taken in connection with the first instruction. The first instruction contains this provision:

"And if the jury further believe from the evidence that the plaintiffs tried to put the machine in good working order and do as good work as any other machine of like kind, of the same year's make, and failed, and that the plaintiff by its expert abandoned the attempt to put it in good working order and make it do good work, and if the jury further believe from the evidence that the defendant, within a reasonable time thereafter, offered to return said machine to the plaintiffs and that it, by its agent, refused to receive it; and if the jury further believe from the evidence that the sole consideration for said notes sued on, was the machine and the agreement of plaintiff to furnish repairs, put it in good working order and make it do good work and then warrant it as above mentioned, then in such case the jury should find for the defendant."

The same objection is made to the third of appellee's instructions, that it submits the same question as to what would give appellee the right to rescind. This instruction also refers to the evidence and the other instructions. We are of the opinion that neither the second nor third of the instructions given for appellee in the light of the provisions contained in the first could have misled the jury as to what was necessary to give to the appellee the right to rescind. The objections taken to the fourth, fifth and sixth of the instructions given for appellee "that the warranty and agency of Gould and Hamilton are by said instructions assumed," are not well taken.

The fourth told the jury that the appellant was a corporation, and that it transacted its business through its officers and agents, and that its local and general agents established by said corporation, have power to bind the same within the scope of their authority if such authority is shown.

The fifth told the jury that appellant was bound by all the acts of its agents on its behalf as such agents, in regard to said machine, within the scope of their authority, if such authority and acts are shown by the evidence.

The sixth told the jury that when an agent is held out by the principal as having general authority, in such case the agent would also have authority to fix the terms of sale and bind his principal by such terms. We are unable to perceive how the giving of these instructions could have injured appellant. It is further insisted by counsel for appellant that the court erred in refusing certain instructions aaked by the counsel for appellant, and refused. Upon a careful examination of the instructions given for the appellant we are satisfied that the issues were as favorably given for the appellant as it was entitled to; and that the instructions that were refused presented questions not predicated upon the evidence or issues in the case, except in so far as they presented the same questions embraced in the instructions already given. Finding no substantial error the judgment is affirmed.

*Judgment affirmed.*