### SARAH L. SAVAGE
### v.
### JOSEPH EAKINS.

*Sales—Husband and Wife—Agency—Authority to Warrant—Election to Give Agent Exclusive Credit—Evidence—Instructions.*

In an action brought upon the breach of the warranty of a stallion, it is *held:* That the husband of the owner was, as her agent, authorized to sell and warrant the horse; that there was no election on the purchaser's part to give the agent exclusive credit; and that the written warranty. though subsequently dated and delivered, related back to the time the contract was made.

[Opinion filed January 21, 1889.]

APPEAL from the Circuit Court of McLean County; the Hon. O. T. REEVES, Judge, presiding.

Messrs. BROCK & HOLLY and J. E. POLLOCK, for appellant.

Where a third party, knowing that the agent acts for his principal, elects at the time of the making of the contract to give exclusive credit to the agent, he can not afterward sue the principal. Silver v. Jordan, 136 Mass. 319; Raymond v. Crown E. Mills, 2 Metc. (Mass.) 319; Winchester v. Howard, 97 Mass. 303; Paige v. Stone, 10 Metc. (Mass.) 160; French v. Price, 24 Pick. (Mass.) 13; Mauri v. Heffernan, 13 Johns. (N. Y.) 58; Coleman v. First Nat. Bank, 53 N. Y. 388; Cunningham v. Soules, 7 Wend. (N. Y.) 106; Cheever v. Smith, 15 Johns. (N. Y.) 276; Jones v. Ins. Co., 14 Conn. 501; Johnson v. Cleves, 15 N. H. 332; Priestly v. Fernie, 3 H. & C. 977; Kymer v. Suwercropp, 1 Camp. 112.

A person not the general agent of the principal, who has the naked power to sell and chattel, has no authority to warrant the quality of the article. Decker v. Fredericks, 47 N. J. L. 469; Perrine v. Cooley, 42 N. J. L. 623; Scott v. McGrath, 7 Barb. (N. Y.) 53; Brady v. Todd, 9 C. B. (N. S.) 592.

A ratification is only effectual when the act is done by a person professedly acting as the agent of the party sought to be charged as a principal. Grund v. Van Vleck, 69 Ill. 478; Roby v. Cossitt, 78 Ill. 638; Forsyth v. Day, 46 Me. 176; Crowder v. Reed, 80 Ind. 1; Harrison v. Mitchell, 13 La. Ann. 260; Harper v. Devene, 10 La. Ann. 724; Collins v. Suau, 7 Robt. (N. Y.) 623; Fellows v. Comm'rs, 36 Barb. (N. Y.) 655; Farmers' L. & T. Co. v. Walworth, 1 N. Y. 435; Brainerd v. Dunning, 30 N. Y. 211; Vanderbilt v. Turnpike Co., 2 N. Y. 479; Alldred v. Bray, 41 Mo. 484.

One can not be held to have ratified the unauthorized acts of another as his agent, where there was no agency. Hammerslough v. Cheatham, 84 Mo. 13.

Where one has wrongfully taken the property of another and sold it, not as agent, but on his own account, mere silence upon the part of the owner does not confirm the sale; the confirmation must rest upon some consideration upholding it, or upon an estoppel. Hamlin v. Seais, 82 N. Y. 329; Workman v. Wright, 33 Ohio Statute, 405; S. C., 31 Am. Rep. 546.

Messrs. JOHN STAPLETON and BENJAMIN D. LUCAS, for appellee.

We admit that the law is, that if the party to whom the warranty is made, at the time of the making takes the warranty of a third party (that is, one not standing in privity with the vendor as an agent or factor), that the vendor would not then be liable upon the warranty; but that rule is not applicable to the case at bar for several reasons. In the first place, the real warranty in the case at bar is one that was made at the time of the actual making of the contract, and that was a verbal one. In the second place, the law is that when an agent contracts in his own name, either disclosing or not disclosing the principal, then either the agent or the principal may be sued on the contract. Cadder v. Dobell, L. R., 6 C. P. 495; Ewell, Evans on Agency, p. 596; Garard v. Moody, 48 Ga. 96; Cobb v. Knapp, 71 N. Y. 348; McGraw v. Godfrey, 56 N. Y. 610; Colman v. National Bank, 53 N. Y. 388; Ferry v. Moore, 18 Ill. App. 140.

Authority to an agent to sell, without restriction, carries with it authority to warrant. Woodford v. McClenahan, 4 Gilm. 85; Marckle v. Haskins, 27 Ill. 382; Wheeler v. Reed, 36 Ill. 83; Cochran v. Chitwood, 59 Ill. 53; Schushardt v. Allins, 1 Wall. (U. S.) 359; Randall v. Ceeler, 60 Me. 37; Ganes v. McKinley, 1 Ala. 446; Bradford v. Bush, 10 Ala. 386; Murray v. Brooks, 41 Iowa, 45; Fay v. Richmond, 33 Ver. 25; Palmer v. Hatch, 46 Mo. 585; Nelson v. Cowing, 6 Hill, 337; Hunter v. Jameson, 6 Ired. 252; Tice v. Gallup, 2 Hun, 446; Denning v. Chase, 48 Vt. 382; Milburn v. Belloni, 34 Barb. (N. Y.) 607; Kinner v. Gunn, 9 Port. (Ala.) 3.15; Cockle v. Campbell, 13 Ala. 286.

CONGER, J. This was an action of assumpsit brought by appellee against appellant and her husband, John B. Savage, for the breach of a warranty of a stallion.

In the early part of November, 1885, John B. Savage sold the horse to appellee for $1,200, and was to receive in payment $500 in cash, a note with security for $500, and another horse valued at $200.

It is insisted by appellee and denied by Savage, that at the time of the sale, a verbal warranty substantially the same as that afterward given in writing, was made by Savage.

On November 27, 1885, John B. Savage wrote to appellee and directed that the $500 note be drawn in favor of his wife ; that "the property belonged to her in the first place; I want the note drawn in favor of her." On the 5th of December, 1885, the note was made payable to Mrs. Savage, and on the 7th of January, 1886, the following written warranty was executed by John B. Savage, and either delivered or mailed to appellee :

"A CERTIFICATE OF WARRANTY.

LE ROY, Ill., Jan. 7, 1886.

This is to certify that the horse, Black Diamond, that I sold to Mr. Eakins, is sound and all right in every respect and is a willing and good covering horse, and a sure foal getter; and is said to breed No. 1 colts.            J. B. SAVAGE."

During the trial the suit was dismissed as to John B. Savage and verdict and judgment went against appellant.

The horse, Black Diamond, had been bought a short time before by John B. Savage, and payment made for him with lands in Missouri belonging to appellant.

The first question we shall notice, was the horse the property of appellant, and did her husband, in making the sale to appellant, act as her agent? While this question is not free from doubt, the jury have found in the affirmative, and we can not say they were not authorized to do so from the evidence.

Appellant insists that if her husband had the power to sell, he had no authority to warrant.

There can be no question, we think, from the manner in which appellant allowed her husband to deal with and trade her property, and from the additional fact that she subsequently received the $500 note payable to herself, that her husband had general authority to sell, without restriction, and would therefore have authority to warrant. Woodford v. McClenahan, 4 Gilm. 85; Cochran v. Chitwood, 59 Ill. 53; Story on Agency, Sec. 102; 2 Kent's Com., Sec. 41, p. 795.

It is insisted by appellant that appellee, knowing that appellant's husband was acting as her agent, elected, at the time of the making of the contract, to give exclusive credit to her husband, and can not therefore hold her responsible. If the facts assumed were true, the conclusion reached would doubtless be the law.

But we fail to find in the record anything to show that appellee at any time elected to give exclusive credit to John B. Savage. Such a conclusion can not be predicated upon the fact that John B. Savage was made a co-defendant with his wife, nor can it be assumed from the language of the written warranty, for it does not disclose upon its face who makes the warranty.

We think the jury were warranted in assuming that the written instrument was but a part of the original transaction, and should be treated as though executed when the bargain was struck.

It is conceded that the horse was not as represented by warranty, and we see no reason for interfering with the verdict of the jury. The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*