## J. P. Thomas et al. v. James M. Mosher et al.

### Gen. No. 12,720.

1. APPEAL—*how several and joint, must be perfected.* Where several parties against whom a judgment has been jointly rendered are allowed an appeal upon their giving a bond, one of such parties cannot, without the others joining, perfect such appeal. In order to perfect a several appeal, a several appeal must be prayed and allowed.

2. JOINT DEBTORS—*when declarations of one of several, competent as to all.* A *prima facie* case of joint liability having been made, the acts and declarations of one of the parties alleged to be jointly liable are admissible in aid of such *prima facie* case although not made in the presence of the others.

3. PARTNERSHIP—*what evidence tends to prove.* Evidence to the effect that the alleged firm sustained a fire loss and made claim therefor in a partnership capacity, tends to prove the fact of partnership in issue in the cause.

4. INSTRUCTION—*when complaint as to particular, not ground for reversal.* Complaint with respect to a particular instruction, though just, is not necessarily ground for reversal; all the instructions given are to be considered, and if from those instructions as a whole it can be seen that the jury had been fully and fairly instructed as to the law, a reversal will not follow.

Action of assumpsit. Appeal from the County Court of Cook county; the Hon. ROBERT H. SCOTT, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed October 8, 1906.

HUMMER, MURPHY & McDONALD, for appellants.

A. M. & E. P. EASTMAN, for appellees.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an action of assumpsit for work done by appellees as machinists upon certain sewing machine attachments, the property of appellants, and for the price of certain special tools necessary to be provided for the doing of such work. The controversy does not arise so much upon the amount due appellees, which virtually stands uncontroverted, as upon the joint liability of appellants, with Baker, for the debt due for the work done.

While the point has not been raised by either party here, still the record shows (R. p. 21) that all four defendants below prayed and were allowed an appeal to this court. The record also shows (R. p. 23) that only the three Thomases perfected the appeal by giving an appeal bond which was approved by the County Court. In Hileman v. Beale, 115 Ill. 355, it was held that the right to an appeal is strictly statutory, and a party to avail of its privilege must conform to the order of the court which the statute authorizes. The perfecting of this appeal is not in conformity with the order allowing the appeal. The appeal is by all the defendants, of which Baker was one. If the Thomases

had desired to appeal without Baker, they had that right. McIntyre v. Sholty, 139 Ill. 171.

Where two or more defendants join in praying an appeal which is allowed on condition they enter into an appeal bond in a given sum within a certain time, none less than all those praying the appeal can perfect it. Town v. Howieson, 175 Ill. 85.

Had a motion been made to dismiss this appeal, we should have allowed it, but as both sides have submitted the case upon the merits we will not do so upon our own initiative, but proceed to consider the merits of the case, regardless of the existing infirmity in perfecting the appeal.

The declaration consists of the common counts, to which is interposed a plea of the general issue, and a special plea by the appellants of non-joint liability as between themselves and their co-defendant Baker. Appellees filed the *similiter* to the general issue and a replication joining issue on the plea of non-joint liability. Upon the issue thus joined a jury trial was had in the County Court which resulted in a verdict of $293.25 against all the defendants, upon which the court, after overruling motions for a new trial and in arrest of judgment, entered a judgment, in an attempt to reverse which this appeal is prosecuted.

Appellants complain of the admission of evidence on the part of appellees tending to establish joint liability and error in the giving of instructions.

We are satisfied that the evidence in the record fairly tends to sustain the issue of joint liability of appellants with the defendant Baker, providing such evidence is justified by the rules of evidence governing its admission over the objection of appellants.

The evidence not complained about, given to sustain appellees' claim of joint liability, is to the effect that appellants and Baker were in the shop of appellees in February, 1898, and that Baker introduced appellants and appellees, and at that interview said they

were interested in the sewing machine attachments upon which the work was to be done, these attachments then being in the shop of appellees. Thereafter several conversations were proven to have occurred between some of the appellants and appellees in relation thereto. The testimony of Wilson as to conversations with Baker out of the presence of appellants, and of Baker with appellants in relation to the work on the sewing machine attachments and which tended to support the evidence already adduced in relation to the joint liability of appellants with Baker, was admissible in the then condition of the record. A *prima facie* case of joint liability having been made, the acts and declarations of one of the parties alleged to be jointly liable are admissible in aid of such *prima facie* case, although not made in the presence of the others. If appellants and Baker were partners, such partnership was confined to the enterprise in the sewing machine attachments involved in this suit, and where parties so conduct themselves as to become liable to third parties as partners, though in fact they are partners only in a limited sense, declarations of either alleged partner are admissible as tending to show the fact of such partnership and that the debt in controversy is a partnership liability. Strong corroboration of the alleged partnership rests in the fact undenied, that damage to some of the sewing machine attachments having occurred by fire on the premises of appellees where they were stored, appellants under fire insurance effected by them on these attachments, made proof of loss and collected under the policy from the insurance company the amount of such loss. Daugherty v. Heckard, 189 Ill. 239.

The action of the court in the admission of this testimony was without error. The evidence shows that appellants were cognizant of the work being done on their property and of the making of the contract in relation thereto, and the law charges them under these

conditions with the responsibility of paying for the work so done. Partridge v. LaPries, 84 Ill. 51.

There is sufficient legal proof in this record warranting the verdict against all the appellants and Baker as partners in the transaction of the subject-matter of this suit. The instructions, taken as a whole, sufficiently state the legal principles controlling the issues. We cannot say from a careful reading of the instructions that the jury were misdirected upon the law of the case. While one instruction—not pretending to state all the law applicable to the case—may be faulty when standing alone, yet when supplemented by other instructions which, taken together, correctly interpret the law of the case to the jury, the requirements of the law are fulfilled. City of Centralia v. Baker, 36 Ill. App. 46; McCormick v. Snell, 23 Ill. App. 79; Norton v. Volzke, 158 Ill. 402.

The requirements were sufficiently met by the instructions given.

Finding no reversible error, the judgment of the County Court is affirmed.

*Affirmed.*