(82 N. W. Rep. 422.)

---

## STATE *vs.* HARRY SMITH YOUNG.

Opinion filed April 23, 1900.

**Arson—Information.**

An information under the statutes of this state which accuses the defendant of the crime of arson, and charges facts constituting arson in the third degree as defined by the statute, is sufficiently specific as to the crime charged, and does not accuse of one crime and state facts constituting a different crime.

**Instructions—Circumstantial Evidence.**

In a criminal case, where the evidence was entirely circumstantial, the giving of the following instruction, to-wit: "The law requires the jury to be satisfied of the defendant's guilt beyond a reasonable doubt, but, in order to warrant a conviction, does not require that you should be satisfied beyond a reasonable doubt of each link in the chain of

circumstances relied upon to establish the defendant's guilt. It is sufficient if, taking the testimony all together as a whole, you are satisfied beyond a reasonable doubt of the guilt of the defendant,"— *held* error.

### Error Not Cured by Proper Instruction.

This error was not cured by reason of the fact that the court, in other portions of the instructions, correctly stated the doctrine of reasonable doubt.

Appeal from District Court, Dickey County; *Lauder, J.*
Harry Smith Young was convicted of arson, and appeals. Reversed.

*George W. Parks* and *E. P. Perry,* for appellant.

The prosecution can never in a criminal case properly claim a conviction upon evidence which expressly or by implication shows but a part of the *res gestae* or whole transaction, if it appear that the evidence of the rest of the transaction is attainable. *Hurd* v. *Peo.,* 25 Mich. 405; *Weller* v. *Peo.,* 30 Mich. 612; *Peo.* v. *Wolcott,* 51 Mich. 23. If the facts are consistent with innocence they are not proof of guilt. *Ormsby* v. *Peo.,* 53 N. Y. 137; *Frazier* v. *Peo.,* 54 Barb. 309; *Peo.* v. *Stokes,* 2 N. Y. Cr. Rep. 382; *Com.* v. *Holmes,* 127 Mass. 424. Conduct being susceptible of two opposite explanations we are bound to assume it to be moral, rather than immoral. *Port* v. *Port,* 70 Ill. 484; *Mason* v. *State,* 32 Ark. 239; *Greenwood* v. *Lowe,* 7 La. Ann. 197. The following instruction was erroneous: "The law requires the jury to be satisfied of the defendant's guilt beyond a reasonable doubt, but in order to warrant a conviction does not require that you should be satisfied beyond a reasonable doubt of each link in the chain of circumstances relied upon to establish the defendant's guilt. It is sufficient, if taking them altogether as a whole, you are satisfied beyond a reasonable doubt of the guilt of the defendant." *Hoffman* v. *State,* 73 N. W. Rep. 51; 1 Stark. Ev. 502; *State* v. *Cohen,* 78 N. W. Rep. 857; *State* v. *Furney,* 21 Pac. Rep. 216; *Marion* v. *State,* 20 N. W. Rep. 294; *Graves* v. *Peo.,* 32 Pac. Rep. 66; *Leonard* v. *Ter.,* 8 Pac. Rep. 878; *Clair* v. *Peo.,* 10 Pac. Rep. 799; *Com.* v. *Webster,* 5 Cush. 295; *Peo.* v. *Phipps,* 39 Cal. 333; *Crow* v. *State,* 26 S. W. Rep. 209; *Peo.* v. *Aiken,* 33 N. W. Rep. 821; *Kallock* v. *State,* 60 N. W. Rep. 817; 3 Rice, Ev. 347; *Clare* v. *Peo.,* 9 Colo. 123; *Peo.* v. *Aiken,* 66 Mich. 481. The verdict of the jury was a nullity, the information does not charge arson in the third degree. *In re McVey,* 70 N. W. Rep. 51.

*E. E. Cassels,* State's Attorney, for the State.

At common law the defendant was not permitted to give testimony in his own behalf, hence the prosecution was required to swear all witnesses of the occurrence. The common law disability being removed, the reason for the rule is gone. *State* v. *McGahey,* 3 N. D. 293. The instruction challenged finds support in the

cases. 2 Thomp. Tr. 1868, § 2514; Sackett, Inst. 647; *Bressler* v. *Peo.,* 117 Ill. 422, 3 N. E. Rep. 522; *Hauser* v. *State,* 58 Ga. 78; *Jewell* v. *State,* 58 Ind. 293; *State* v. *Hayden,* 45 Ia. 11. Where there is some direct evidence of the defendant's guilt, the court is not in duty bound to charge the jury on the law concerning circumstantial evidence. *Solander* v. *Peo.,* 2 Colo. 48; *Barnard* v. *State,* 12 S. W. Rep. 431; *Hayes* v. *State,* 17 S. W. Rep. 940; *Woodruff* v. *State,* 12 South. Rep. 653; 2 Thomp. Tr. § 2514. An instruction to the effect that it is not necessary in order to convict that every fact should be proven beyond a reasonable doubt if on the whole of the facts there is no reasonable doubt of guilt is proper. *Weaver* v. *Peo.,* 24 N. E. Rep. 571; *Stebert* v. *Peo.,* 32 N. E. Rep. 421; *Jameson* v. *Peo.,* 34 N. E. Rep. 486; *Carlton* v. *Peo.,* 37 N. E. Rep. 244. The doctrine of reasonable doubt as a rule is not properly applicable to the whole mass of circumstantial evidence taken item by item, but is properly applicable to the constituted elements of the crime charged. *Wade* v. *State,* 71 Ind. 535; *Davidson* v. *State,* 34 N. E. Rep. 971; *Gallagher* v. *State,* 12 S. W. Rep. 1087.

BARTHOLOMEW, C. J. The defendant was informed against, tried, convicted, and sentenced for the crime of arson. A motion for a new trial was denied, and an appeal taken from the judgment. The first attack is made upon the information. The crime is designated in the information as arson. The charging part of the information sets forth facts constituting arson in the third degree as defined by our statute, and the court instructed the jury that the accused stood charged with arson in the third degree. The attack, which was made both by motion and demurrer in the court below, proceeds upon the theory that the offense is not specified in the information, and that arson and arson in the third degree are two distinct offenses. As our statute requires the offense charged to be specified and certain, it is urged that the pleader cannot name the offense, and then state facts constituting an entirely different offense. But we think this information cannot be so construed. Section 7382, Rev. Codes, defines arson as follows: "Arson is the willful and malicious burning of a building with intent to destroy it." The definition is very broad. Following on down to sections 7393 to 7400, inclusive, we find arson divided into four degrees, with a different punishment for each; but each degree comes clearly within the general definition of arson. They are only different degrees of the same crime, differing from different degrees of the same crime in other offenses in this: that the lower degree is not necessarily or generally included in the higher. By reason of this difference it must be true that under a charge of arson alleging facts showing arson in the first degree (the burning of a dwelling house) it would not be competent to prove the burning of a building constituting a lower degree of arson (for instance, a flouring mill, as in this case). The variance would be fatal. But, since each degree constitutes arson, the accused can be in no manner

misled or prejudiced by an information that charges arson, followed by an allegation of facts constituting arson in any of the specified degrees. No other facts could be proven, and no conviction could be had for any other degree. The only case cited by appellant that tends to support his position is, *State* v. *Atkinson*, 88 Wis. 1, 58 N. W. Rep. 1034, and that case cannot be considered an authority here, both because the point involved was different, and because of the radical difference in the statutes of the two states. In Wisconsin no burning is specifically designated as arson. The burning of a dwelling house in the night time is punished by specific punishment. The burning of the same in the day time is punished by a lighter punishment. Other sections cover the burning of other named buildings in the night time or day time. Then follows another section, which the court designates as a "catchall" to cover all cases not previously covered, which prescribes a punishment for burning any building at any time. Under an indictment under the last section it was sought to convict of burning a dwelling house. The Supreme Court refused to sustain the conviction, on the ground that the two offenses were distinct and separate, and not different degrees of the same offense. But our statute in terms declares different degrees of the offense of arson. The degrees are distinct, and no conviction of one degree could ordinarily be had under an allegation of facts constituting another degree. The same result would be reached here as in Wisconsin, but here any degree is properly designated as arson. McClain, Cr. Law, § 525, and cases cited in notes. We hold the information sufficient, but a new trial must be ordered by reason of an error in the instructions. Many errors are assigned in giving and refusing instructions. Aside from the one hereafter discussed, these assignments should all be overruled, as the charge fully covered the law of the case, was clear, and as favorable to the defendant as the rules of law would justify. The court instructed the jury as follows: "The law requires the jury to be satisfied of the defendant's guilt beyond a reasonable doubt, but, in order to warrant a conviction, does not require that you should be satisfied beyond a reasonable doubt of each link of the chain of circumstances relied upon to establish the defendant's guilt. It is sufficient if, taking the testimony all together as a whole, you are satisfied beyond a reasonable doubt of the guilt of the defendant." This instruction was taken almost verbatim from Sack. Instruct. Juries, 647. It has been given in several cases, and has been the subject of considerable discussion, and we believe it is now universally condemned. It was given in *Bressler* v. *People*, (Ill. Sup.) 3 N. E. Rep. 521, and the language was expressly approved on page 528. An examination of the cases there cited to support the ruling will disclose the fact that they all fall far short of the position. The case was evidently reconsidered, because it is again reported in 8 N. E. Rep. 62, and the instruction is there held to be inaccurate, but harmless in that particular case, because there was no evidence in the case to which it could be applied. The case

seems to have been reported but once in the official reports. It appears in 117 Ill. 422, and shows that the opinion was twice filed with an interval of some months. As there reported, it corresponds with the report in 8 N. E. Rep. 62, so that the official reports of that state give no support whatever to the instructions. The same instruction was given in *Clare* v. *People,* 9 Colo. 122, 10 Pac. Rep. 799, and was expressly disapproved; and again in *Graves* v. *People,* 18 Colo. 170, 32 Pac. Rep. 63. In this case the authorities are extensively and critically reviewed, and it is shown that the instruction stands without support of any adjudicated case, and it is strongly condemned upon principle. The same instruction was given and expressly disapproved in *Marion* v. *State,* 16 Neb. 349, 20 N. W. Rep. 289; *Leonard* v. *Territory,* 2 Wash. T. 381, 7 Pac. Rep. 872; *State* v. *Gleim* (Mont.) 41 Pac. Rep. 998, 31 L. R. A. 294; *State* v. *Furney,* 41 Kan. 115, 21 Pac. 213; *State* v. *Cohen* (Iowa) 78 N. W. Rep. 857. The vice of the instruction is manifest. Where a conviction is sought upon circumstantial evidence, and the circumstances are interdependent, and the relevancy and probative force of each circumstance depend upon the truth of one or more other circumstances, so that the metaphor of a chain can with any propriety be used, then it is clear that each circumstance must be established beyond reasonable doubt, because, if any one link or circumstance be lacking, the evidence ceases to be a chain, and is simply fragments of a chain. If any one circumstance or link be weak, the whole chain must be weak, because a chain cannot be stronger than the weakest link. The instruction in such a case could not be otherwise than prejudicial. If the circumstances relied upon by the prosecution are independent, each depending for its force upon its own truth, and only that, then the chain metaphor is entirely inapplicable, and its only effect must be to confuse and mislead a jury. Doubtless a conviction may be had upon circumstantial evidence of that character, and, where the prosecution relies upon a number of such circumstances, it may fail to establish one or more beyond a reasonable doubt, and yet from those that are thus established the jury may entertain no reasonable doubt of the defendant's guilt. In such a case it might not be improper to instruct the jury that the state need not establish each independent circumstance beyond a reasonable doubt, if, from a consideration of the entire evidence, the jury entertained no reasonable doubt of the defendant's guilt. In the case before us the evidence was entirely circumstantial, and included circumstances that arraigned themselves linkwise as well as independent circumstances. The jury were left free to apply the instruction to either class. Nor can we say that the fact that the court in other parts of the instructions very clearly and correctly stated the doctrine of reasonable doubt cured the error in the instruction quoted. As said in *Clare* v. *People,* supra. "Where the charge in a criminal case contains in one part an important, correct, legal proposition, and in another an incorrect and conflicting proposition upon the same subject, the subject referred to being

material to conviction, it cannot be said that the error is avoided; for it is impossible to know upon which proposition the jury depended." It follows that there must be a new trial in this case.

Reversed. All concur.