(103 N. W. 755.)

---

STATE OF NORTH DAKOTA v. T. E. JOHNSON.

Opinion filed May 24, 1905.

**Witnesses — Credibility.**

1. An instruction given to a jury in the following language: "If you find from the evidence that any witness has sworn falsely as to any material fact or issue in this case, you should receive the testimony of such witness with caution. You have a right to reject the statement of such witnesses, excepting in so far as they may be corroborated by other credible evidence"—is error warranting the granting of a new trial.

**Instruction — Reasonable Doubt.**

2. An instruction in the following words: "On the other hand, the rule of law requiring the jurors to be satisfied of the defendant's guilt beyond a reasonable doubt, in order to warrant a conviction,

does not require that you should be satisfied beyond a reasonable doubt of each link in the chain of circumstances relied upon to establish the defendant's guilt. It is sufficient if, taking the testimony together, you are satisfied beyond a reasonable doubt that the defendant is guilty"—is erroneous. State v. Young, 82 N. W. 420, 9 N. D. 165, followed.

Appeal from District Court, Billings county; *Winchester, J.*

T. E. Johnson was convicted of willfully killing a horse, and appeals.

Reversed.

*C. E. Gregory* and *Morrill & Fowler,* for appellant.

The evidence was wholly circumstantial, and such that each circumstance depends for its probative value and effect upon the existence of other circumstances in the evidence. The charge of the court was erroneous. State v. Young, 9 N. D. 165, 82 N. W. 420.

The instruction reverses the rule, that the jury must be satisfied beyond a reasonable doubt of defendant's guilt before they can convict him. State v. Young, supra; State v. Evans, 81 N. W. 893.

The court cannot charge, if you find from the evidence that any witness has sworn falsely as to any material fact or issue in this case * * * you have the right to reject the statements of such witnesses excepting in so far as they are corroborated by other credible evidence. This was clearly error. McPherrin v. Jones, 5 N. D. 261, 65 N. W. 685; State v. Campbell, 7 N. D. 58, 72 N. W. 935; 2 Enc. Pl. & Pr. 340.

*Carl N. Frich,* Attorney General, for the state.

No brief filed by respondent.

MORGAN, C. J. The defendant was convicted of willfully and unlawfully killing a horse, contrary to the provisions of section 7506, Rev. Codes 1899, and sentenced to one year's imprisonment in the penitentiary. He assigns as error, among others, the giving of certain instructions, one of which was in the following language: "If you find from the evidence that any witness has sworn falsely as to any material fact or issue in this case, you should receive the testimony of such witness with caution. You have a right to reject the statement of such witnesses, excepting in so far as they may be corroborated by other credible evidence." This in-

struction authorized the jury to reject the testimony of any witness because of the falsity of some of it. The fact that a witness gives testimony that is false is not ground for entirely disregarding his testimony. A witness' testimony should not be wholly disregarded because he has innocently made a mistake as to a material fact. The testimony must be willfully and intentionally false, before the jury may disregard it unless corroborated. A similar instruction has been twice condemned by this court, and the giving of it held prejudicial error. McPherrin v. Jones, 5 N. D. 261, 65 N. W. 685; State v. Campbell, 7 N. D. 58, 72 N. W. 935. The correctness of these prior decisions cannot be successfully assailed, and they are decisive of this appeal.

The court further instructed the jury as follows: "On the other hand, the rule of law requiring the jurors to be satisfied of the defendant's guilt beyond a reasonable doubt, in order to warrant a conviction, does not require that you should be satisfied beyond a reasonable doubt of each link in the chain of circumstances relied upon to establish the defendant's guilt." This court passed upon an instruction in substantially the same language in State v. Young, 9 N. D. 165, 82 N. W. 420, and held the same prejudicially erroneous. In that case the court said: "The vice of the instruction is manifest. Where a conviction is sought upon circumstantial evidence, and the circumstances are interdependent, and the relevancy and probative force of each circumstance depends upon the truth of one or more other circumstances, so that the metaphor of a chain can with any propriety be used, then it is clear that each circumstance must be established beyond a reasonable doubt, because, if any link or circumstance be lacking, the evidence ceases to be a chain, and is simply fragments of a chain. If any one circumstance or link be weak, the whole chain must be weak, because a chain cannot be stronger than the weakest link. The instruction in such a case could not be otherwise than prejudicial. If the circumstances relied upon by the prosecution are independent, each depending for its force upon its own truth, and only that, then the chain metaphor is entirely inapplicable, and its only effect must be to confuse and mislead a jury." The authorities bearing upon the correctness of this instruction are collected in the opinion in that case. Under the holding of that case, we have no hesitation in holding that the instruction was misleading and prejudicial.

It follows that the judgment must be reversed, a new trial granted, and the cause remanded for further proceedings.

Young, J., concurs.

Engerud, J., having been of counsel, did not sit on the hearing of the above-entitled action, nor take any part in the decision.
(103 N. W. 565.)