## STATE OF NORTH DAKOTA v. WILLIAM WINNEY.

(128 N. W. 680.)

**Criminal Law — Instructions — Witness — Corroboration — "Wilfully" and "Intentionally."**

 1. An instruction as to the corroboration of witnesses, which states that if any witness has "wilfully testified falsely," is sufficient, and it need not be stated that such testimony must be wilfully and intentionally false.

**Criminal Law — Instructions — Corroboration of Witness — Words and Phrases — "Testimony" — "Evidence."**

2. An instruction which states that if any witness has wilfully testified falsely, etc., the jury are at liberty to wholly disregard his testimony, "except so far as the same is corroborated by other credible testimony in the case," is not erroneous by reason of the use of the word "testimony" in place of the word "evidence," as these words mean the same, as commonly understood.

**Criminal Law — Instructions — Corroboration by Facts and Circumstances.**

3. An instruction in such case is not prejudicially erroneous in not further stating that corroboration may be given to the testimony of a witness by facts and circumstances occurring at the trial.

**Criminal Law — Instructions — Nuisance — Intoxicating Liquors — Owner of Premises.**

4. Instructions pertaining to the proprietor and owner of a place where a nuisance is maintained considered, and *held* not erroneous.

**Verdict — Sufficiency of Evidence.**

5. Evidence reviewed and *held* sufficient to sustain the verdict.

Opinion filed November 19, 1910.

Appeal from the County Court of Bottineau county; *Kirk,* J.

The defendant was found guilty of keeping and maintaining a common nuisance, and appeals.

Affirmed.

*Bowen and Adams,* for appellant.

The instructions should have been "wilfully and intentionally." McPherrin v. Jones, 5 N. D. 261, 65 N. W. 685; State v. Campbell, 7 N. D. 58, 72 N. W. 935; State v. Johnson, 14 N. D. 288, 103 N. W. 565.

"Evidence" should have been used, instead of "testimony." 16 Cyc. Law & Proc. p. 849; Columbia Nat. Bank v. German Nat. Bank, 56 Neb. 803, 77 N. W. 346. Corroboration may be by facts and circumstances. F. Dohman Co. v. Niagara F. Ins. Co. 96 Wis. 38, 71 N. W. 69.

The proprietor may not be the keeper. State v. Kruse, 19 N. D. 203, 124 N. W. 385; State v. Rozum, 8 N. D. 548, 80 N. W. 477.

If verdict is unsupported by evidence, it should be set aside. People v. Knutte, 111 Cal. 453, 44 Pac. 166; People v. Lum Yit, 83 Cal.

130, 23 Pac. 228; McDonald v. State, 56 Fla. 74, 47 So. 485; Spelling, New Tr. & App. Proc. § 239.

Jury has no right to reject testimony unimpeached and not discredited. Nokken v. Avery Mfg. Co. 11 N. D. 399, 92 N. W. 487; Jones, Ev. 2d ed. § 902; State v. Woolsey, 30 Iowa, 251; State v. Fowler, 52 Iowa, 103, 2 N. W. 983; 14 Enc. Ev. p. 122.

*Andrew Miller,* Attorney General, and *J. J. Weeks,* State's Attorney, for respondent.

MORGAN, Ch. J.  Defendant was convicted of unlawfully keeping a place where intoxicating liquors were sold and kept for sale, and where persons were permitted to resort for the purpose of drinking intoxicating liquors.

The errors relied on for a reversal relate to the instructions to the jury and the insufficiency of the evidence to sustain the verdict. The court instructed the jury that, if any witness had "wilfully testified falsely," they were at liberty to wholly disregard his testimony, "except so far as the same is corroborated by other credible testimony in the case." The contention so far as the first instruction is concerned is that it should have been stated, if any witness had "wilfully and intentionally testified falsely" then the jury might disregard his testimony, unless, etc.

There is no merit in this objection. In this connection the words "wilfully" and "intentionally" are synonymous. In many cases construing these words in statutes, they are held synonymous, although the word "wilfully" is in other cases construed to have a broader scope than the word "intentionally." The cases of McPherrin v. Jones, 5 N. D. 261, 65 N. W. 685; State v. Campbell, 7 N. D. 58, 72 N. W. 935; and State v. Johnson, 14 N. D. 288, 103 N. W. 565, are relied on by the appellant, but none of them sustain his contention. The assignment of error here made was not contained in any point decided in those cases. In those cases the instructions complained of were that merely false testimony by a witness would warrant the jury in disregarding his entire testimony. Before that can be done the testimony must be wilfully, that is, intentionally or knowingly, false.

In respect to the other instruction, it may be passed with the remark that it is too technical for serious consideration. The words "testi-

mony" and "evidence" are often used interchangeably, although the word "evidence" comprehends something not included within the strict meaning of the word "testimony," which is evidence given orally, and it does not include documents. It would be entirely presumptuous to assume error on account of this slight omission that had practical application so far as this case is concerned. There was no documentary evidence in this case, and evidence and testimony are deemed of the same meaning, as commonly understood, and the jury undoubtedly so understood and applied the instructions.

It is also claimed that these instructions should have informed the jury that corroboration may also be given to a witness's testimony by facts and circumstances appearing at the trial. No case has been called to our attention, or found, that holds an omission to give this additional qualification to be prejudicial error. This qualification is generally given, but to hold that not giving it is prejudicially erroneous would be based on no good reason. If the testimony of the witness is corroborated by facts and circumstances appearing at the trial, it is corroborated by the evidence at the trial, as nothing but the evidence, or the manner of giving it, can be considered by the jury. If the appearance of the witness is such as to discredit him, or he has been impeached or contradicted, these are matters shown by the evidence or the giving of it. The instruction, as given, covered the same thought expressed by the usual qualification, although not so specifically expressed. In Malinowski v. Detroit United R. Co. 154 Mich. 104, 117 N. W. 565, and many other cases cited in Brickwoods Sackett, Instructions to Juries, § 344, this instruction is approved, except that the word "evidence" was used, but no further qualification was added as to corroboration by facts and circumstances occurring on the trial. In some of the states, no exception as to corroborating the evidence is given. Burgess v. Alcorn, 75 Kan. 735, 90 Pac. 239.

As to whether the omission to state any exception as to corroboration would be prejudicial, we do not determine in this case.

Error is predicated on the instruction which stated that defendant could be convicted although not the "owner or proprietor" of the place, if the evidence showed that he had exclusive control and management of the place while the nuisance was there maintained, and that if the jury found that the defendant "was in the exclusive con-

trol and management of the place, or that he was the proprietor thereof," then he might be found guilty. The error claimed is in instructing the jury that, if defendant had control of the place, or was the proprietor, and maintained a nuisance there, he might be found guilty. We find no error in this instruction. The jury was plainly told that the defendant must have been in control of the place before he could be found guilty. We do not think those instructions considered together are subject to the criticism that the defendant might be found guilty under them if he was the proprietor, although not the keeper of the place. As to this instruction it is urged that, under the evidence, it was shown that defendant had leased the place to another, and the jury might therefrom find that he was the owner, and, if he was the owner, he would be guilty as such, without any participation in the maintenance of the nuisance, the contention being that the word "proprietor" and the word "owner" are synonymous. Although these words are held not always to be synonymous, there is no room to support the claim that the jury might have been misled, in view of the following instruction which was given to the jury: "I charge you, gentlemen of the jury, that it is not sufficient that the state has proven, if they have so proven to your satisfaction, beyond a reasonable doubt, that the defendant owned said premises. You must further find that he exercised the control of them, and was the keeper or proprietor thereof, at the time mentioned in the information."

It is claimed that the verdict is not sustained by the evidence. The contention is that there is no evidence that the defendant was the keeper of the place. There is positive testimony that the defendant was exercising control over the place on May 30th. He was then in the place while sales were made, and demanded that the purchaser pay him for the liquor, and the money was paid to him without any claim or demand for it from anyone else. Although the testimony of the witness Nelson, on which the state relies to show that the defendant was exercising control over the place, is disputed, to some extent, by another witness, the jury has passed on this testimony, and there is no reasonable ground on which we can say that the verdict is not sustained by the evidence. There was testimony contradicting the witness Nelson, but that was for the jury to consider. They

having done so, and believed Nelson, this court cannot now say that the verdict is not sustained by the evidence.

Exception is also taken to the verdict, because the jury wholly disregarded the evidence of the only witness testifying on behalf of the defendant, although some of that evidence was uncontradicted. We have read his testimony, and all of it may be true, and still the verdict be well sustained by the other evidence. The jury, therefore, believed the testimony which referred to other dates than those referred to on defendant's behalf.

This disposes of each assignment. It follows that the judgment is affirmed. All concur.