Penberthy vs. Lee.

PENBERTHY vs. LEE.

*January 14 — February 8, 1881.*

WRITTEN INSTRUCTIONS to jury. *(1) Amendment of Statute. (2) Reversal of judgment for lack of written instructions. (3) Record evidence that instructions were reduced to writing.*

1. Ch. 101 of 1868 (requiring instructions to the jury to be reduced to writing under certain circumstances) was effectually amended by ch. 89 of 1871, notwithstanding a clerical error in the latter act by which the amended act is described as of the year 1869.

2. In a cause tried after such amendment, and before the present revision, where there were material issues of fact for the jury, and the charge was not reduced to writing before given to the jury, and it does not appear that it was taken down by the reporter, or that a written charge was waived, the judgment is reversed for that reason.

3. The judge's certificate, in the bill of exceptions, that *the reporter stated* that he had taken down the charge in writing, and had lost it, is not a sufficient certificate that the charge was in fact so taken down.

APPEAL from the Circuit Court for *Iowa* County.

The action was commenced before a justice of the peace, on an account for various articles of personal property alleged to have been sold by the plaintiff to the defendant. The defendant answered by a general denial, and a counterclaim on an account for personal property sold and money paid by him to plaintiff. A trial before the justice resulted in a judgment for the plaintiff. The defendant appealed to the circuit court. On the trial there, the parties mutually admitted that various items in the two accounts were correct. The remaining items, over twenty in number, were litigated, and the testimony concerning them was conflicting. The court charged the jury orally upon the law of the case. The bill of exceptions (which was settled about a year after the trial) contains this statement: "It is stated by the reporter to the court that he took the charge down, and has lost it." The jury found for the defendant, and assessed his damages at $25. The plaintiff moved, at the same term, for a new trial, assigning as one of the grounds of his motion, that "the charge to the jury was oral and not written." The motion was denied, and judgment entered for the defendant pursuant to the verdict. The plaintiff appealed.

For the appellant there was a brief by *Wilson & McIlhon*, and oral argument by *Mr. Wilson*.

*J. P. Smelker*, for the respondent.


LYON, J. In the bill of exceptions the learned circuit judge certified that he charged the jury orally, and that the reporter stated to the court that he took down the charge, but had lost it. It is not certified when the reporter made this statement but both counsel seem to agree that it was made when the judge was settling the bill of exceptions. The record (independently of the bill of exceptions) does not show that the charge was taken down, neither is it so certified in the bill. The judge merely inserts in the bill the evidence on the sub-

ject, to wit, the statement of the reporter, and there leaves it. This unofficial and unsworn statement of the reporter, probably made long after the trial, is manifestly insufficient to show that the charge was taken down by him. The record does not show that the plaintiff waived a written charge.

The cause was tried at the May term, 1878, of the circuit court, before the present revision of the statutes took effect. It is ruled, therefore, by chapter 101, Laws of 1868, as amended by chapter 89 of 1871. The latter statute, which permits the charge to be taken down by the reporter, purports to amend chapter 101 of 1869 instead of 1868, but it gives the title of the statute of 1868 as the act amended. This fact, considered in connection with the subject-matter of the amendatory statute, shows clearly that the legislature amended the act of 1868. The mistake in the date of that act is a mere clerical error, which cannot possibly mislead any one, and does not destroy the amendment. The present revision provides expressly for filing the written charge (which requirement was probably implied in the former law), and retains the provisions of chapter 101 of 1868 as amended. R. S., 759, secs. 2853, 2854. The act of 1868, as amended, provides substantially that the judge shall reduce his charge to writing before giving it to the jury, or it shall be taken down by the official phonographic reporter of the court, and a failure to do so shall, on appeal, work a reversal of the judgment rendered upon the verdict, unless a charge in writing is waived by counsel at the commencement of the trial. The object of the statute is to enable a suitor in court to preserve of record the precise language of the instructions given by the court to the jury, and thus to avoid the danger of inaccuracy which the suitor would be exposed to if the charge is not reduced to writing until the bill of exceptions is settled. The statute is mandatory in terms. If its requirements are disregarded, its mandate is, "the judgment *shall* be reversed."

The learned counsel for the defendant contended that the

evidence in this action is so conclusive against the plaintiff that the court might properly have directed the jury to return the verdict they did return, and hence that the plaintiff could not have been prejudiced by the fact that the charge was given orally. We have looked into the evidence, and find it very conflicting on many items in the respective accounts. We think it sufficient to support a verdict for either party. We cannot say, therefore, that a charge upon the law of the case was unnecessary and without significance. Because there were material issues of fact for the jury, and because the charge of the judge upon the law of the case was not reduced to writing before it was given to the jury, and because it does not appear that it was taken down by the reporter, or that the plaintiff waived a charge in writing, the judgment must be reversed, in obedience to the imperative mandate of the statute. Other alleged errors were discussed by counsel, but we think it unnecessary to consider them.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.