CHRISTIAN LINCK

v.

MATHEW C. WHIPPLE ET AL.

*Nuisances—Instructions—Evidence.*

An instruction stating that the jury may disregard the uncorroborated evidence of a witness, if they believe he has sworn falsely upon a material question, without specifying that they must be satisfied that the false statement was knowingly and wilfully made, is erroneous.

.[Opinion filed February 21, 1889.]

APPEAL from the Circuit Court of Montgomery County; the Hon. J. A. CREIGHTON, Judge, presiding.

Messrs. A. N. KINGSBURY and LANE & COOPER, for appellants.

Messrs. GEORGE L. ZINK and JAMES M. TRUITT, for appellee.

CONGER, J.   This was an action on the case.   The declaration in the first count alleged an injury to the dwelling house of appellant from water flowing against it from appellees' buildings, caused by defective drain pipes and tiles; and the second alleged that appellees used a certain back yard as a privy, and allowed and suffered filth, foul water, etc., to accumulate therein, causing offensive odors to prevail in the immediate vicinity of appellant's dwelling house and kitchen.

The questions were sharply contested, and the evidence conflicting, and the jury found against appellant.

We are not entirely satisfied with the verdict, but should not feel called upon to interfere had the jury been properly instructed.

The ninth instruction for appellees was as follows: "No. 9. The jury are the judges of the value of the testimony of each witness who has testified in this case, and if any one of the

witnesses has, in the judgment of the jury, sworn falsely upon a material question involved in the case, they may, if they see proper, disregard the whole of such witness' testimony, except as to such matters as such witness is corroborated by other creditable witnesses, or facts and circumstances proven on that trial."

This form of instruction has so frequently been condemned that it is not necessary to refer to authorities. The essential thing necessary to discredit a witness, under the case supposed in the instruction, is, that such false statements must be knowingly made.

Honest witnesses may state things from the witness stand by mistake, or from want of knowledge, that are false, and still the jury would not be warranted in disregarding the whole of the testimony of such witnesses for that cause alone, but in addition thereto the jury must be satisfied that such witnesses make them intentionally and wilfully.

The weight to be given to certain witnesses was a vital question in the case, and hence the jury should have been correctly and carefully instructed upon it.

From a careful reading of the testimony we are of opinion injustice may have been done by this instruction, and that justice requires a new trial.

The judgment of the Circuit Court will therefore be reversed, and the cause remanded.

                                   *Reversed and remanded.*