[Filed October 26, 1891.]

## C. L. DuBOIS *v.* R. S. PERKINS.

EVIDENCE — HEARSAY.—A conversation between the porter at a hotel and one K. in relation to certain goods, then being delivered at the hotel for P., who was not present, is not competent evidence in an action against P. for the price of the goods. Such conversation is hearsay.

APPEAL— ERROR — PRESUMPTION.—On appeal, error will not be presumed, but when it is shown by the record there is no presumption that it was rendered harmless or obviated during the trial where the record is silent.

PRINCIPAL AND AGENT — SALE OF GOODS — UNDISCLOSED PRINCIPAL.—An agent entrusted with the possession of the goods of another for sale may sell the same to one who has no knowledge of his agency and receive the purchase money therefor; and in like manner if he sell in his own name, without disclosing his principal, he may receive the purchase money for the goods sold.

Multnomah county: E. D. SHATTUCK, Judge.

Defendant appeals. Reversed.

This is an action to recover four hundred and twelve dollars and fifty cents, the value of a certain lot of cigars alleged to have been sold by the plaintiff to the defendant, at his request.

The evidence offered tended to prove that one Ed. Kidder negotiated the sale to the defendant and billed the cigars to Perkins in his own name. The defendant was not present when the cigars were taken to his place of business, and his

contention is that he bought the cigars of Kidder and paid him for the same without any notice that they were owned or claimed by the plaintiff. The plaintiff to sustain the issues on his part called one C. A. Smith as a witness, who testified that he was a drayman and delivered the cigars to the defendant. He was then asked by plaintiff's counsel the following question: "Who did you deliver the cigars to, and who was present when you delivered them?" And he answered: "I delivered them to the porter at the hotel; I think it was Mr. Perkins' son. There were present Ed. Kidder besides the porter and myself." And this question: "What conversation took place when these cigars were delivered?" Proper objections were made to this question, but the same were overruled, and an exception taken, and the witness answered: "The porter said to Mr. Kidder, 'I see you are in the cigar business now,' and Mr. Kidder answered: 'No; I am just helping out DuBois.'"

A verdict and judgment were rendered for the plaintiff, from which judgment this appeal is taken.

*R. R. Giltner,* and *J. J. Daly,* for Appellant.

*X. N. Steeves,* for Respondent.

Strahan, C. J.— Only a single question is presented on this appeal, and that is whether or not Smith's evidence detailing the conversation of the porter and Kidder at the time the cigars were delivered was competent. The defendant was not present at the time of this conversation, and it is not shown that the porter was his agent. How this conversation could affect or bind him does not appear; in fact, its competency was not claimed on the argument here, only as it may be supposed to have been rendered competent by other evidence given upon the trial, but which is not in the bill of exceptions. It was accordingly argued that for the purpose of sustaining the judgment, we must presume that such evidence was actually given upon the trial. But this is not the correct rule. While it is true that error will never be presumed, the converse of the proposition is equally true.

When error does affirmatively appear it will not be presumed that it was rendered harmless or removed. If it were so the respondent must see to it that the matter which renders it harmless or removes it is made to affirmatively appear in the bill of exceptions. By this evidence the plaintiff sought to charge Perkins with knowledge of his rights in the cigars, for which purpose it was not competent.

Inasmuch as there must be a new trial, we think proper to suggest our views upon another phase of this case. Perkins' contention is that he bought these cigars of Kidder, who billed them to him in his (Kidder's) name, who delivered them at his place of business, and that before this action was brought he paid Kidder the full price agreed to be paid therefor without any knowledge of the interet of DuBois. We think under these circumstances, even though the cigars may have been the property of DuBois, Kidder had authority to collect and receive the money. (*Keown* v. *Vogel,* 25 Mo. App. 35; *Pardridge* v. *Bailey,* 20 Ill. App. 351; *Ludwig* v. *Gillespie,* 105 N. Y. 653; *Rosser* v. *Darden,* 82 Ga. 219; 14 Am. St. Rep. 152.)

The judgment appealed from must be reversed and the cause remanded for a new trial.