GEORGE H. McPHERRIN *vs.* ANDY JONES.

Opinion filed November 4th, 1895.

**Instruction as to Credibility of Witness.**

> It is error for a court to instruct the jury that, if they believe that a witness has testified falsely as to any material fact in the case, they have a right to wholly disregard his testimony, except so far as it is corroborated by other credible evidence in the case, either positive or circumstantial. They should be told that this is the rule only in cases where the witness has willfully or knowingly or intentionally testified falsely. A presumption of prejudice arises from · an error which might operate to the injury of the party against whom it was committed, and the burden is on the respondent on appeal to show that the appellant was not in fact injured by such error.

**Appeal from Judgment—Review of Charge.**

> An error in the charge of the court to the jury can be reviewed on appeal from the judgment without a motion for a new trial being made.

Appeal from District Court, Walsh County; *Templeton,* J.

Action by George H. McPherrin against Andy Jones. Judgment for plaintiff. Defendant appeals.

Reversed.

*Bangs & Fisk,* for appellant.

*DePuy & DePuy,* for respondent.

CORLISS, J. The judgment in this case must be reversed for error in the charge of the court. The court instructed the jury as follows: "If you believe that any witness has testified falsely as to any material fact in the case, you have a right to wholly disregard the testimony of such witness, except so far as it is corroborated by other credible evidence in the case, either positive or circumstantial." This instruction should have been so qualified as to make it applicable only in the event of the jury believing that a witness had willfully or knowingly or intentionally testified falsely. *Gold Co.* v. *Skillicorn,* (N. M.) 41 Pac. 533; *Linck* v. *Whipple,* 31 Ill. App. 155; *Follett* v. *Territory,* (Ariz.) 33 Pac. 869; *Barney* v. *Dudley,* (Kan. Sup.) 19˙ Pac. 550; 2 Thomp. Trials, § 2432, and cases cited; *People* v. *Sprague,* 53 Cal. 494;

*Pope* v *Dodson*, 58 Ill. 365. It is said the error was without prejudice to the defendant. But a presumption of prejudice arises from the error, and the record is not in such condition that we are able to say that defendant suffered no injury from the erroneous charge. It is also urged that defendant is not in a position to raise the objection that the court erred in its charge because no motion for a new trial was made, but such an error is an error of law occurring at the trial, and we have held that to review errors of law occurring at the trial no motion for a new trial is necessary, but that they may be reviewed on appeal from the judgment. We think it is due to the learned judge who tried the case to say that the error committed was undoubtedly committed through inadvertence. The writer of this opinion, while at the bar and since occupying a seat on this bench, has often heard Judge Templeton charge the law on this subject correctly; and the true doctrine would have unquestionably been laid down in this case had the learned judge's attention been at the time called to the inadvertent error in this instruction. This case illustrates the impolicy of the statute allowing a party 20 days in which to file exceptions to the instructions of the District Court to a jury. Laws 1893, Ch. 84, § 1. Where a charge is oral, as was the charge in this case, it is unfair to both court and opposing counsel that a party should be allowed to except to instructions, the correctness of which he did not challenge at the time, at a subsequent time, when it is too late to rectify the error without granting a new trial. It is due to the learned trial judge to state also that he was given no opportunity to correct the error himself by granting a new trial, as no such motion was made. The appeal is directly from the judgment entered on the verdict. While regretting the necessity of reversing a judgment under these circumstances, our legal duty to do so is clear.

The judgment is therefore reversed, and a new trial ordered. All concur.