[File No. 6503.]

ALVIN R. ALTMAN, Respondent, v. ELIZABETH ALTMAN, Appellant.

(277 N. W. 604.)

Opinion filed February 7, 1938.

*Murtha & Murtha,* for appellant.
*Starke & Starke,* for respondent.

PER CURIAM. The defendant was adjudged guilty of contempt for violating an order of the district court of Stark county and sentenced to imprisonment in the county jail for a term of ten days and to pay a fine of $20.00. The judgment of conviction further provided that she should be released from custody upon complying with the court's order that she had violated and payment of the fine.

As the title indicates, the action is one for a divorce. The alleged contempt resulted from violation by the defendant of an order relating to the custody of the children, issue of the marriage. The record on appeal is very restricted. It consists of the judgment roll alone. There is no transcript of the proceedings had in the trial court upon the hearing; no statement of case has been settled or certified to this court.

Every reasonable presumption is in favor of the validity and correctness of the judgment and the appellant has the burden of establishing error. The sole question, therefore, which presents itself for determination is whether upon the judgment roll the judgment is shown to be incorrect. On the record submitted it cannot be said that the judgment appealed from is erroneous. Therefore it must be affirmed.

But in order that all rights of the defendant may be protected it is ordered that before the judgment appealed from be enforced, the defendant be given an opportunity to appear before the trial court and present any facts which she may have to offer tending to show her compliance with the order which she is charged with having violated; her inability to make payment of the fine or any other fact tending to excuse or mitigate the conduct which resulted in her conviction or any subsequent or present facts which may justify or require a modification of the judgment.

CHRISTIANSON, Ch. J., and BURR, NUESSLE and MORRIS, JJ., concur.

SATHRE, J. did not participate.