**Max M. TSCHOSIK, Plaintiff and Respondent,**

v.

**Joseph E. MEIER, Defendant and Appellant.**

**No. 7860.**

Supreme Court of North Dakota.

July 17, 1961.

Kelsch & Scanlon, Mandan, for defendant-appellant.

Strutz, Jansonius & Fleck, Bismarck, for plaintiff-respondent.

BURDICK, District Judge

This is a civil action in which the respondent, Max M. Tschosik, seeks to recover from the appellant, Joseph E. Meier, damages for personal injuries and for injury to his automobile as a result of a collision with a tractor and farm equipment

assembly being operated by Meier. The action was tried to a jury and the jury returned a verdict in favor of the claimant, Tschosik. Meier appeals from the judgment entered upon the verdict and from the subsequent order of the trial court denying his motion for judgment non obstante or in the alternative for a new trial.

The essential facts are relatively simple. Tschosik was driving a new 1958 Plymouth sedan in a southerly direction on a graded township road on September 10, 1958. The road was graveled but was comparatively narrow, being about twenty feet in width. Rank growth of random weeds on the shoulders of the road narrowed the traveled portion to a width of about eighteen feet. Tschosik's speed was about thirty-five miles per hour. It was dark and Tschosik was driving with his headlights on low beam. Approaching the plaintiff from the opposite direction at a low rate of speed was a farm tractor towing a silage cutter followed by a silage box mounted on a wagon. The headlights of the tractor were illuminated on high beam, giving Tschosik the impression that he was meeting a passenger vehicle. While approaching the tractor Tschosik kept to the right-hand side of the road. Meier, however, prior to seeing Tschosik approaching, had been driving his assemblage in such a manner that it occupied a portion of the west half of the road. As Tschosik came nearer, Meier drove his tractor to the east side of the road but the silage wagon was still trailing partially in the west half of the road as the vehicles met. Tschosik saw only the tractor as the vehicles met, but his automobile crashed into the protruding side of the silage box. In the collision, Tschosik suffered severe personal injury as well as extensive damage to his vehicle.

Under appropriate instructions given by the trial court the jury correctly found that Meier was guilty of ordinary negligence and that such negligence was a proximate cause of Tschosik's damages.

Meier, however, has assigned on his appeal numerous specifications of error and of the insufficiency of the evidence, all of which are calculated to suggest that Tschosik was guilty of contributory negligence as a matter of law in failing to keep a proper lookout, and in failing to keep his vehicle under control, and in failing to stop or turn to the right within the assured clear range of his vision.

■ Whether Tschosik was guilty of contributory negligence as a proximate cause of his damage was clearly a question of fact for the jury. Erdahl v. Hegg, N.D., 98 N.W.2d 217. We have carefully considered the contentions of the appellant and, without indulging in tedious narration of the facts, have concluded that the verdict is amply supported by the evidence and that the conduct of Tschosik was not such that it can be said that he was guilty of contributory negligence as a matter of law.

■ The defendant and appellant specifies as an error at law the following:

"That the jury misunderstood, misinterpreted, misapprehended and misapplied the instructions of the Court in the rendition of its verdict."

The specification is too general. It refers to no evidence, no identifiable portion of the transcript, and to no specific instruction as a basis for the assignment of errors. A specification on a motion for a new trial must reveal the precise error to be presented to the trial court for consideration and a specification on appeal to this court must present clearly the question that will be urged on appeal. Anderson v. Blixt, N.D., 72 N.W.2d 799; Montana-Dakota Utilities Co. v. Amann, N.D., 81 N.W.2d 628; Erickson v. Wiper, 33 N.D. 193, 157 N.W. 592; Enget v. Neff, 77 N.D. 356, 43 N.W.2d 644.

■ It is argued that because about two hours after the jury retired to deliberate it returned to the courtroom and asked a question which the court did not answer, bear-

ing upon plaintiff's negligence, the jury must have misunderstood and misapplied the instructions of the court to the plaintiff's prejudice. The colloquy between the court and the jury was as follows:

"The Court: Have you arrived at a verdict, Gentlemen?

"A Juror: No sir, your Honor, we haven't. We would like a little clarification. It wasn't quite clear to us, we thought that we should have a little bit more information. Is it the contention of the Court that if the plaintiff was somewhat negligent, that we couldn't consider any damages at all, or—

"The Court: Well, the attorneys are not present; one of them has returned to his home, and the other is downtown, and, Gentlemen, I think if you will read those instructions and use your best judgment as to application of them to the facts, they are sufficient, and it would be wrong for me to try to instruct you further without the presence of counsel, who might have an opportunity and want an opportunity to object to what the Court had to say. I think in two places at least, if you will read the instructions carefully, I comment on that. Try to keep that in mind and go back and read them over. That's as best I could do for you at this time.

"The Juror: All right. Thank you."

The jury again retired and deliberated further for about an hour, then brought in a verdict against the defendant. This verdict is amply supported by the evidence. It is not contrary to the instructions or otherwise contrary to law.

Counsel for appellant argues that the discussion between the court and jury indicates the jury found that the plaintiff was somewhat negligent. We do not agree. It indicates no finding upon the part of the jury, but merely that the jury was carefully considering all aspects of the case including possible negligence on the part of the plaintiff. The court could not further instruct the jury at that time in the absence of counsel. Such an act on his part would have been violative of Section 28–14–19, NDCC. Ferderer v. Northern Pacific Ry. Co., 75 N.D. 139, 26 N.W.2d 236. The court did the only thing that he could do under the circumstances and that was to send the jury back to study the instructions that he had given. After further deliberation, the jury returned the verdict that is now under attack. The burden is on the appellant to show error affirmatively. Moe v. Kettwig, N.D., 68 N.W.2d 853. The incident between the court and jury, when viewed in the light of the fact that the evidence is sufficient to warrant the verdict that was rendered, does not support the contention that the jury misunderstood or misapplied the instructions.

There being no evidence from which it can be said as a matter of law that Tschosik brought his injury upon himself by a want of ordinary care and diligence, the order denying judgment notwithstanding the verdict or, in the alternative, for a new trial, and the judgment are affirmed.

SATHRE, C. J., and TEIGEN, BURKE and MORRIS, JJ., concur.

STRUTZ, J., being disqualified, did not participate, Honorable EUGENE A. BURDICK, one of the Judges of the Fifth Judicial District, sitting in his stead.